Affirmed and Memorandum Opinion filed May 17, 2007








Affirmed
and Memorandum Opinion filed May 17, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00567-CR

NO. 14-06-00568-CR

____________

 

CHRISTOPHER DERICK JONES,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 232nd District
Court

 Harris County, Texas

Trial Court Cause No.
1033965 & 1034335

 



 

M E M O R A N D U M   O P I N I O N








Appellant
was charged by indictment with two separate offenses of aggravated assault
arising from the same criminal episode.  The indictment in Cause No. 1033965
(No. 14-06-00567-CR on appeal) alleged appellant committed aggravated assault
against Devin Licesne with a deadly weapon, namely a firearm.  The indictment
in Cause No. 1034335 (No. 14-06-00568-CR on appeal) alleged appellant committed
aggravated assault against Betty Ghirmay with a deadly weapon, namely a
firearm.  Appellant entered a plea of guilty to both offenses and requested a
pre-sentence investigation.  Appellant filed a sworn motion for community
supervision in each case.   After receiving the pre-sentence investigation
report, the trial court conducted a punishment hearing and heard testimony from
witnesses presented by the State and the defense.  In each case, the trial
court found appellant guilty of aggravated assault with an affirmative finding
on use of a deadly weapon and in each case sentenced appellant to confinement
for twenty years in the Institutional Division of the Texas Department of
Criminal Justice, the sentences to run concurrently.  

In his
sole point of error, appellant claims counsel was ineffective in failing to
present testimony at the punishment hearing to establish his eligibility for
community supervision.  Specifically, appellant complains there was no evidence
presented that he had ever been convicted of a felony in this state or any
other state and/or been placed under community supervision for a felony offense
in this state or any other state.  Appellant also states that he was requesting
deferred adjudication.  

Because
a deadly weapon was used in the commission of both offenses, appellant was not
eligible for community supervision in either case.  See Tex. Code Crim. Proc. Ann. art. 42.12 ' 3g(a)(2) (Vernon 2006).  Also, the
trial court could have deferred adjudication regardless of appellant=s prior criminal record.  See Tex. Code Crim. Proc. Ann. art. 42.12 ' 5 (Vernon 2006).  Accordingly,
counsel=s failure to present evidence of
appellant=s prior criminal record did not affect appellant=s eligibility for community
supervision or deferred adjudication.  Appellant has failed to show counsel=s performance was deficient.  See
Strickland v. Washington, 466 U.S. 668, 687 (1984).  

For
these reasons, appellant=s point of error is overruled and the judgment of the trial
court is affirmed.

PER CURIAM

 

Judgment rendered and Memorandum Opinion filed May 17,
2007.

Panel consists of Justices Yates, Anderson, and Frost.

Do Not Publish C Tex. R. App. P.
47.2(b).